IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Orthopedic Associates of Tampa Bay, LLC )<br><br>　　　　Plaintiff,　　　　　　　　　　)<br><br>　　v.　　　　　　　　　　　　　　　　)<br><br>ROBERT F. KENNEDY, JR., in his )<br>official capacity as Secretary of the U.S. )<br>Department of Health and Human )<br>Services, )<br><br>　　　　Defendant. | Civil Action No. 8:25-cv-3065 |

## COMPLAINT

COMES NOW, Plaintiff Orthopedic Associates of Tampa Bay, LLC ("Plaintiff"), by its attorney, files this Original Complaint against Defendant Robert F. Kennedy, Jr., in his capacity as Secretary of the U.S. Department of Health and Human Services ("Defendant"), and would show the Court as follows:

### INTRODUCTION

1.　This is an action concerning judicial review of decisions of the Medicare Appeals Council ("MAC"), over which this Court has jurisdiction under 42 U.S.C. § 405(g). The decisions set forth below are final decisions of the Secretary of the United States Department of Health and Human Services (the "Secretary").

2.　The Secretary's final decision was in the form of Order of Dismissal By Medicare Appeals Council in Docket No. M-25-963, OMHA Appeal No. 3-13420348761.

3.　Plaintiff is seeking reversal of the decision of the Medicare Appeals

Council set forth in Exhibit A dismissing Plaintiff's appeal, and that ultimately upon review on the merits a Fully Favorable reimbursement decision be rendered.

4. The amount in controversy is more than $1900.00.

5. Plaintiff has exhausted its administrative remedies.

## THE PARTIES

6. Plaintiff Orthopedic Associates of Tampa Bay, LLC is a Florida corporation with a principal place of business in Tampa, Florida in the Middle District of Florida.

7. Defendant Robert F. Kennedy, Jr. is the current Secretary of the Department of Health and Human Services. The Secretary can be served by service upon the General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201.

8. Additional service is to be made upon Attorney General Pamela Bondi, United States Department of Justice, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001 and upon civil-process clerk at the United States Attorney's Office for the Middle District of Florida.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g) providing for judicial review of any final decision of the Commissioner of Social Security made after hearing.

10. This Court has personal jurisdiction over Defendant as the current Secretary of the U.S. Department of Health and Human Services.

11. Venue in this District is proper under 42 U.S.C. §§ 405(g) and 1395ff(b)(1) and 28 C.F.R. § 405.1136(b).

## PROCEDURAL BACKGROUND

12.  Plaintiff provided care to the beneficiaries set forth herein and submitted claims for payment for that care.

13.  For each of the claims at issue herein, First Coast Service Options, Inc, the Medicare Administrative Contractor that covers Florida, issued a letter asking for recoupment of claims previously paid.

14.  Plaintiff timely requested a request for redetermination (the first level of administrative appeals within Medicare) on the claims.

15.  First Coast entered an unfavorable ruling on the claims at issue.

16.  Plaintiff timely filed a request for reconsideration with the Qualified Independent contractor (the second level of administrative appeal).

17.  The QIC entered an unfavorable ruling on the claims at issue.

18.  Plaintiff timely requested a hearing before an Administrative Law Judge (the third level of administrative appeal).

19.  A hearing was held before ALJ Cantrell on July 24, 2024. The ALJ entered an unfavorable determination in a decision faxed to counsel for Plaintiff on November 13, 2024. (Exhibit B). The decision explicitly advised that Plaintiff had 60 calendar days to file an appeal with the Medicare Appeals Council (MAC).

20.  Plaintiff filed an appeal with the Medicare Appeals Council on January 13, 2025, within 60 calendar days of receiving the ALJ decision.

21.  Despite Plaintiff filing its appeal with MAC within 60 days of receiving the ALj decision, the Medicare Appeals Council dismissed the appeal based on a false presumption that Plaintiff received the ALJ decision as early as October 15, 2024.

22. Plaintiff never received any copy of the ALJ decision by mail.

23. Plaintiff only received a copy of the ALJ decision by fax on November 13, 2024.

24. Plaintiff timely filed its appeal within 60 days of actually receiving the ALJ decision.

25. The MAC improperly dismissed Plaintiff's timely filed appeal.

26. The MAC Decision constitutes a final determination by the Secretary/Defendant.

27. This Complaint seeks Court review of all the MAC Decision to dismiss the appeal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court:

a. Reverse the decision of the Medicare Appeals Council to dismiss Plaintiff's appeal; and

b. Remand the case to the Medicare Appeals Council to address Plaintiff's appeal on the merits; and

c. Grant such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

PC GALLAGHER LAW P.A.

By: *[signature]*

Patrick C. Gallagher
13860 Wellington Trace, Ste. 38-103
Wellington, Florida 33414
312-498-5411
patrick@pcgallagher.com

Attorney for Plaintiff